IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>Plaintiff,<br>v.<br><br>STB & POT HEAD COFFEE SEAPORT LLC,<br><br>Defendant. | **Case No.** '26CV4683 W MMP<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT** |

JAMES ALGER ("Plaintiff") complains against STB & POT HEAD COFFEE SEAPORT LLC ("Defendant") as follows:

**INTRODUCTION**

1. This is a disability access action arising from architectural barriers at a coffee shop owned, operated and/or leased by Defendant. Plaintiff is an individual with physical disabilities who relies on a mobility scooter or a wheelchair for mobility. During his visit to the coffee shop, Plaintiff encountered inaccessible

dining tables. The alternative outdoor bar seating was likewise inaccessible because the bar counter was too high for Plaintiff to use.

2. As a result, Plaintiff was denied the opportunity to comfortably position himself at and use the dining surfaces provided to nondisabled patrons and was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the premises.

3. Defendant's failure to provide accessible dining surfaces and seating denies individuals with mobility disabilities, including Plaintiff, full and equal access to the subject premises. Plaintiff therefore alleges that Defendant has violated, and continues to violate, Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq.

4. Through this action, Plaintiff seeks injunctive relief requiring Defendant to remove the accessibility barriers and provide dining surfaces and seating that are readily accessible to and usable by individuals with mobility disabilities. Plaintiff also seeks a declaration that Defendant's conduct violates the ADA, together with reasonable attorney fees, litigation expenses, costs, and such other relief as the Court deems appropriate.

## **JURISDICTION**

5. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*.

## **VENUE**

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's claims arose in this District.

## **PARTIES**

7. At all relevant times, Plaintiff is, and was, a qualified individual with a physical disability as defined by the ADA. Plaintiff has progressive peripheral

neuropathy, a physical impairment that damages the peripheral nerves. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet. These physical impairments substantially limit major life activities, including walking and carrying out tasks that require fine motor skills. Because of these limitations, Plaintiff uses a wheelchair or scooter for mobility. He lives in Porter Ranch, California.

8. Defendant is, and at all relevant times was, the owner, operator, lessor, and/or lessee of a coffee shop known as Spill The Beans Seaport, located at 813 W Harbor Dr, C-7 in San Diego, California (hereinafter, "Spill the Beans").

9. Spill the Beans is open to the public and a place of public accommodation.

## FACTUAL ALLEGATIONS

10. In June 2026, Plaintiff visited Spill the Beans in San Diego while he was in the area to visit the San Diego Zoo, where he holds an annual pass. Plaintiff chose this location because it was conveniently close to his hotel and because he was looking for a place to have breakfast.

11. Upon arriving at the outdoor seating area, Plaintiff encountered accessibility barriers that prevented him from using the available seating. The dining tables were supported by X-style folding bases with angled metal legs extending beneath the dining surfaces, which obstructed the knee clearance necessary for Plaintiff to use the table as intended.



12. As a result, Plaintiff was forced to sit alongside a table rather than at it.



13. The outdoor bar seating did not provide an accessible alternative because the bar counter was too high for Plaintiff to use from his mobility scooter. Thus, none of the available outdoor seating allowed Plaintiff to comfortably position himself at a dining surface, causing him difficulty, frustration, embarrassment, and humiliation and making him feel excluded from the dining experience afforded to nondisabled patrons.

14. Plaintiff travels to San Diego and intends to return to the area in the future. Plaintiff desires to return to Spill the Beans as a paying customer for breakfast and coffee. Plaintiff would return if the subject premises were made accessible to him. At present, Plaintiff is deterred from returning because the barriers to access continue to deny him full and equal access.

15. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after a more detailed inspection by Plaintiff's counsel's accessibility expert.

**CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

16. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 15 of this Complaint.

17. In 1990, the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

18. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

19. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

20. As part of the ADA, Congress enacted "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes, but is not limited to, "a restaurant, bar, or other establishment serving food or drink." U.S.C. § 12181(7)(B).

21. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

<u>§ 12182(b)(1)(A)(ii)</u>: "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

<u>§ 12182(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

22. The removal of each of the physical barriers complained of by Plaintiff in this Complaint was at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

23. The removal of the access barriers at the subject premises is readily achievable within the meaning of the ADA because the barriers can be remedied through relatively straightforward modifications to the existing dining and bar area

without substantial structural alteration to the premises. Defendant can provide the required accessible dining surfaces by replacing inaccessible tables so that at least 5% of the tables provide the required clearance for wheelchair and mobility scooter users. This does not require Defendant to replace all of its tables or materially reduce its available seating. Rather, Defendant can replace a limited number of the existing tables with commercially available accessible tables.

24. Similarly, Defendant can provide an accessible bar by lowering or modifying a portion of the existing counter so that wheelchair and mobility scooter users can approach and use the bar in a manner comparable to nondisabled patrons. These modifications are limited in scope and would not fundamentally alter the nature of Defendant's business or interfere with its continued operation as a café.

25. The costs and burdens associated with these modifications are not disproportionate to, and do not outweigh, the substantial benefits of barrier removal. Providing a limited number of accessible tables and an accessible portion of the bar counter would afford Plaintiff and other patrons with mobility disabilities the ability to position themselves at the same dining and service surfaces provided to nondisabled patrons and to independently enjoy Defendant's goods, services, and accommodations. Accordingly, removal of these barriers is readily achievable and would provide meaningful access to persons with mobility disabilities without imposing an undue financial or administrative burden on Defendant.

26. On information and belief, Defendant's actions, policies, and physical premises continue to deny full and equal access to Plaintiff in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

WHEREFORE, Plaintiff request reliefs as outlined below.

## PRAYER FOR RELIEF

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered

as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violation of federal law. The need for relief is critical because the rights at issue are paramount under the laws of the United States.

2. Plaintiff requests that the Court issue an order enjoining Defendant, its agents, officials, employees, and all persons and entities acting in concert with it:

a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
b. To provide reasonable accommodation for persons with disabilities at Spill the Beans;
c. To ensure that persons with disabilities are not denied equal benefits at Spill the Beans;
d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"
e. To maintain such accessible facilities once they are provided;
f. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons at Spill the Beans; and
g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Spill the Beans.

3. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and

omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

4. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding; and

5. Plaintiff requests any other relief that this Court may deem just and proper.

Date: August 16, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*

By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER